**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
4110 SE Hawthorne Blvd. # 168
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

**Talasi B. Brooks (*Pro hac vice*)**
Western Watersheds Project
PO Box 2863
Boise, ID 83701
(208) 336-9077
tbrooks@westernwatersheds.org

**Paul D. Ruprecht (OSB # 132762)**
Western Watersheds Project
PO Box 12356
Reno, NV 89510
(208) 421-4637
paul@westernwatersheds.org

Attorneys for Plaintiffs Western Watersheds Project, Center for Biological Diversity, and WildEarth Guardians

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT, CENTER FOR BIOLOGICAL DIVERSITY,** and **WILDEARTH GUARDIANS,**<br><br>                Plaintiffs,<br><br>      v.<br><br>**DAVID BERNHARDT**, Secretary of the Interior, **JEFFREY A. ROSE,** District Manager Burns District Bureau of Land Management, and **BUREAU OF LAND MANAGEMENT,**<br><br>                Defendants. | Case No.: 2-19-cv-00750-SI<br><br>**RESPONSE IN OPPOSITION TO MOTION OF OREGON FARM BUREAU FEDERATION FOR LEAVE TO APPEAR AS AMICI CURIAE**<br><br>**EXPEDITED CONSIDERATION AND DECISION REQUESTED** |

# INTRODUCTION

The Oregon Farm Bureau Federation ("OFB") has moved for leave to participate in this action as amicus curiae. ECF No. 47. Plaintiffs Western Watersheds Project, Center for Biological Diversity, and WildEarth Guardians oppose this request because OFB requests leave to file a 31-page brief opposing Plaintiffs' request for a PI and addressing the issues of irreparable harm and likely success on the merits—issues already briefed by Federal Defendants. ECF No. 47-1 at 1.

As an initial matter, OFB misrepresents its conferral with counsel for plaintiffs, who indicated they would oppose *any* motion filed *after* June 14, but could not take a position on OFB's proposed amicus brief until that brief was filed and plaintiffs could review the amicus brief that was being proposed. *See* ECF No. 47 at 1–2. Now that Plaintiffs have seen the proposed amicus brief, Plaintiffs oppose OFB's motion. As described below, it is evident that the OFB in this case is a close ally of Federal Defendants and apparently coordinated its brief with Federal Defendants in an effort to extend the number of pages of briefing allowed to Federal Defendants, resulting in a burden on the Plaintiffs and the Court by multiplying and expanding the filings and arguments in this proceeding. Sound and widely-accepted judicial policy counsels that the Court should deny OFB's motion for leave to appear as amicus under these circumstances.

In the alternative, the Court should order OFB to re-file an amicus brief no more than half the length of the Federal Defendants' brief, no later than noon on Thursday, June 20, and allow Plaintiffs five additional pages in their Reply to potentially address issues raised by OFB. District courts often look to the Federal Rules of Appellate Procedure for guidance on the timing and format of amicus briefs, and those rules allow amicus briefs to be no more than half the

length of the brief they are supporting. Fed. R. App. P. 29(a)(5). Plaintiffs have concurrently filed a motion for leave to file excess pages with their Reply brief (which is due at Noon on Tuesday, June 25) that is contingent on this Court's resolution of OFB's motion for leave to appear as amicus curiae.

## ARGUMENT

### I. STANDARD OF REVIEW

There is "no inherent right to file an *amicus curiae* brief with the Court. It is left entirely to the discretion of the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citing *Fluor Corp. & Affiliates v. United States*, 35 Fed. Cl. 284, 285 (1996)). Federal district courts possess the inherent authority and broad discretion to accept or reject amicus briefs. *See Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("district courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure" (internal citations omitted)).

Traditionally, an *amicus* should be a "non-partisan provider of legal perspective or information to the court." *Funbus Sys., Inc. v. Cal. Pub. Util. Comm'n*, 801 F.2d 1120, 1124–25 (9th Cir. 1986). Chief Judge Richard Posner of the United States Court of Appeals for the Seventh Circuit has observed that the decision "to allow the filing of an amicus curiae brief is a matter of 'judicial grace.'" *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)). This grace should not be dispensed casually, particularly when, as Judge Posner also has noted, "[t]he vast majority of *amicus curiae* briefs are *filed by allies of litigants* and duplicate the arguments made in the litigants' briefs, *in effect merely extending the length of the litigant's brief*. Such *amicus* briefs should not be allowed. They are an abuse." *Ryan v. CFTC*, 125 F.3d 1062, 1063

(7th Cir.1997) (emphasis added).[1] "The term 'amicus curiae' means friend of the court, not friend of a party." *Id*. Thus, "'rote permission to file such a brief' is disfavored and "permission to file an amicus brief that essentially duplicates a party's brief" should be denied. *Voices for Choices*, 339 F.3d at 544.

Courts should deny permission for entities to appear as *amici* if they only address issues already fully briefed by an existing party. *See Ryan*, 125 F.3d at 1064. Only in narrow circumstances is participation of *amici* proper: "[a]n *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . ., or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id*. at 1063. "Otherwise, leave to file an amicus curiae brief should be denied." *Id*.; *see also Abu-Jamal v. Horn*, 2000 WL 1100784, at *3 (E.D. Pa. 2000) ("[D]istrict courts have denied leave to file an amicus brief when it is unnecessary and the parties are adequately represented.").

---

[1] Although the Ninth Circuit has not yet spoken on this issue, many district and specialized courts have found Judge Posner's reasoning in *Ryan*, *National Organization for Women*, and *Voices for Choices* persuasive. *See e.g.*, *Changzhou Trina Solar Energy Co. v. United States*, 161 F. Supp. 3d 1343, 1346–50 (Ct. Int'l Trade, 2016) (denying leave to appear as amicus); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62-63 (D.D.C. 2003) (quoting *Ryan* extensively in order to both deny and allow participation by various *amici*); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (denying ACLU motion for leave to file an amicus brief and stating "the limitations on amicus filings outlined by the Seventh Circuit in *National Organization for Women v. Scheidler* … are applicable here."); *Long*, 49 F. Supp. 2d at 1178 (citing Ryan in an order denying a motion for leave to file an *amicus* brief); *United States v. Boeing Co.*, 73 F. Supp. 2d 897, 900-01 (S.D. Ohio 1999) (citing *Ryan* while granting leave to participate as *amicus*); *United Stationers v. United States*, 982 F. Supp. 1279, 1288 n.7 (N.D. Ill. 1997) (citing Judge Posner's "insightful opinion on amicus curiae briefs" in *Ryan* in explaining the court's denial for leave to file).

At the district court level, amicus briefs "are seldom appropriate . . . where the parties are adequately represented by experienced counsel." *Sequoia Forestkeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014) (internal citation omitted). Moreover, opposition by the parties is a factor militating against allowing amici participation. *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief . . . .").

Finally, district courts generally follow the rule that, "[i]n the absence of local rules governing the role of amicus curiae, the court will adhere to the applicable rules found in the Federal Rules of Appellate Procedure." *Microsoft Corp. v. U.S. Dep't of Justice*, No. C16-0538-JLR, 2016 WL 4506808, at *9 (W.D. Wash. Aug. 29, 2016); *see Jin*, 557 F. Supp. 2d at 136. This requires, for example, that any amicus brief be filed "no later than seven days after 'the principal brief of the party being supported is filed'" and that the brief "will be limited to no more than one-half the maximum length authorized by this court's local rules for a party's principal brief." *Microsoft*, 2016 WL 4506808, at *9 (quoting former Fed. R. App. P. 29(e)—currently Fed. R. App. P. 29(a)(6)—and citing former Fed. R. App. P. 29(d)—currently Fed. R. App. P. 29(a)(5)).

II. **THE MOTION TO PARTICIPATE AS AMICUS CURIAE SHOULD BE DENIED BECAUSE PROPOSED AMICUS HAS NOT SHOWN THAT IT WOULD ADD ANYTHING TO THIS CASE.**

OFB's request to file an amicus brief related to the preliminary injunction motion should be denied because it has not shown and cannot show that the Federal Defendants' briefing or representation will be inadequate, or that it has unique information or perspective beyond what the counsel for Federal Defendants can provide. To the extent it may have any such information, its proposed amicus brief does not present or reflect it.

    **A.**    **OFB's Proposed Amicus Brief Demonstrates That Its Participation Would Simply Add Redundant And Duplicative Legal Arguments That Improperly Extend The Federal Defendants' Page Limit For Their Response.**

OFB Motion for Leave to Appear as Amicus Curiae claims that its purpose is "to ensure the Court, in resolving Plaintiffs' motion for a preliminary injunction, is fully informed as to the broader effect of any subsequent decision on applicants—many of whom are members of OFB—for grazing permits on BLM land." ECF No. 47 at 1. However, not a single word of the proposed amicus brief describes such "broader effect" on OFB or its members. *See* ECF No. 47-1.

Instead, the proposed amicus brief covers the same ground that Federal Defendants' Response Brief does in directly attacking plaintiffs' showing of irreparable harm and likelihood of success on the merits. *Compare id. with* ECF No. 39 at 15–33. The proposed amicus brief simply weighs in with additional legal argument related to irreparable harm, which the government has already briefed, and presents no new declarations, facts, or evidence that might relate to any "broader effect" of the preliminary injunction on OFB or its members. *See* ECF No. 47-1 at 1–31. Rather than present some unique perspective about some "broader effect" of any injunction, OFB's brief merely presents extensive legal arguments on two of the prongs of the test for preliminary injunctive relief that Federal Defendants have already fully briefed, to which Plaintiffs now must respond.

    **B.**    **OFB Is Adequately Represented By Federal Defendants For Purposes Of This Court's Determination On The Motion For Preliminary Injunction.**

OFB claims that it is concerned about a preliminary injunction issuing without a showing of irreparable harm or that the preliminary injunction would somehow limit the applicability of categorical exclusions. ECF No. 47 at 4. A preliminary injunction order, of course, does not set any precedent with respect to the merits of the case, but only addresses whether there is a likelihood of success on the merits (or a showing of serious questions going to the merits). But

more importantly, the Federal Defendants have vigorously argued both that Plaintiffs have not shown likely irreparable harm and that they are not likely to succeed on the merits. ECF No. 39 at 15–33. OFB simply introduces new, often duplicative, and sometimes additional legal argument on these issues that are unrelated to any "broader effect" any ruling on the motion for preliminary injunction might have. It appears that counsel for OFB read the Federal Defendants' Response brief, and have then tried to argue the same issues somewhat differently. Thus, in truth, OFB's brief effectively extends Federal Defendants' page limits by making the same case, again.

In the context of intervention, the prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interests. *Sagebrush Rebellion v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). It is well-established that there is a presumption of adequate representation when the representative is a governmental body or officer charged by law with representing the interests of the public. *Forest Cons. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995). Mere "differences in litigation strategy," *Arikaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), or "minor differences in opinion" do not demonstrate inadequacy of representation. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Because OFB has put forward no evidence that its position *with respect to irreparable harm or likely success on the merits* is any different than Federal Defendants, it must be assumed that Federal Defendants adequately represent OFB on these issues.

In this case, OFB's proposed amicus brief merely extends Federal Defendants' brief as to these two issues. This is an improper use of an amicus brief, and "should not be allowed." *Ryan*, 125 F.3d at 1063. For purposes of the preliminary injunction motion, OFB is adequately represented by Federal Defendants, and its proposed amicus brief does not demonstrate any interest that is not fully protected by the arguments Federal Defendants make—nor does the

OPPOSITION TO OREGON FARM BUREAU MOTION TO APPEAR AS AMICUS—6

proposed amicus brief provide any unique information or perspective that might help the Court. Under these circumstances, the Court should deny OFB's motion for leave to appear as amicus curiae. *See id*. at 1063

### III. THE MOTION TO PARTICIPATE AS AMICUS CURIAE SHOULD BE DENIED AS A MATTER OF SOUND JUDICIAL POLICY

As Judge Posner persuasively explained, there are several important policy reasons for limiting *amicus* participation: "[t]he reasons for the policy are several: judges have heavy caseloads and therefore need to minimize extraneous reading; *amicus* briefs, often solicited by parties, *may be used to make an end run around court-imposed limitations on the length of parties' briefs*." *Voices for Choices*, 339 F.3d at 544 (emphasis added). In addition, the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and the filing of an *amicus* brief is often an attempt to inject interest group politics into the federal appeals process." *Id.*

All of these policy rationales are implicated in the present case. OFB's participation threatens to expand the volume of material that counsel for Plaintiffs must read, analyze, and respond to. It does the same to the Court.

#### A. Proposed Amicus Is An Ally of Federal Defendants And Would Improperly Allow Federal Defendants To Extend The Length Of Their Briefing.

From OFB's statement that it "offers this brief in opposition to Plaintiffs' request for a preliminary injunction" ECF No. 47-1 at 1, it is clear that they expressly intend to participate as allies of Federal Defendants in these proceedings. *See Ryan*, 125 F.3d at 1063. This is an improper role for an amicus. *Voices for Choices*, 339 F.3d at 544; *see also New England Patriots Football Club, Inc. v. Univ. of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) (an *amicus* is one who gives the court "information on some matter of law in regard to which the court is

doubtful or mistaken" . . . "rather than one who gives a highly partisan . . . account of the facts") (internal citation omitted).

Related to this concern is the recognized impropriety of allowing amici to participate who are solely allies of a party, whose participation is solicited by a party, and who serve only to add additional pages to a party's allowable brief length. *Voices for Choices*, 339 F.3d at 544; *Ryan*, 125 F.3d at 1063. It appears that Federal Defendants coordinated the filing of the OFB in this case. *See* ECF No. 39 at 34 ("it is the understanding of undersigned counsel for Defendants that Harney County and the Oregon Farm Bureau intend to seek leave to file amicus briefs and declarations to weigh in with their respective perspectives"). This underscores that OFB's proposed amicus brief is simply an improper attempt to expand the Federal Defendants' 35-page limit for briefing a response to Plaintiffs' motion. As discussed above, the asserted interests of Federal Defendants and OFB in this case are indistinguishable, and Federal Defendants' Response Brief anticipates the OFB filing, indicating advanced coordination between the Federal Defendants and OFB. Under the circumstances, the well-established policy reasons for forbidding participation of OFB as amicus are squarely implicated.

    **B.**     **Participation By Proposed Amicus Is Likely To Drive Up The Cost Of Litigation And Increase The Burden On The Parties And The Court.**

Finally, the heavily fact-dependent nature of proceedings in the district courts (and particularly at the preliminary injunction stage) counsels against participation of Proposed Amicus OFB in these matters. The adequacy of representation and policy concerns that warrant limiting amicus participation at the appellate level have even greater applicability in the trial courts. *Liberty Lincoln Mercury v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (suggesting that "[a]t the trial level, where issues of facts as well as law predominate, the aid of

amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure") (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)).

Sound policy, and the failure of OFB to make the necessary showing that they will be of assistance to the Court, counsel against the reflexive grant of amicus status in the present case because of the prejudice that may result to Plaintiffs and additional and unnecessary work for both the parties and the Court.

**IV.    IF THIS COURT GRANTS AMICUS STATUS TO PROPOSED AMICI, SUCH PARTICIPATION SHOULD BE STRICTLY LIMITED**

If this Court decides to allow OFB to participate in these proceedings, the Court should ensure that such participation is strictly limited to ensure the efficient conduct of these proceedings and avoid prejudice to Plaintiffs and the other parties. As noted by the District Court for the Western District of Washington, filing of amicus briefs in district court is often cabined by reference to Federal Rule of Appellate Procedure 29. *Microsoft*, 2016 WL 4506808, at *9. This Rule allows amicus briefs that are half the length of the main brief of the party it is supporting. Fed. R. App. P. 29(a)(5).

OFB's brief is 31 pages (7,927 words), whereas half of the Federal Defendants' brief would be 17-and-a-half pages, or 5,500 words. *See* LR 7-2(b). If the Court allows OFB's amicus brief at all, it should order OFB to re-file a brief that is consistent with the limitation in Federal Rule of Appellate Procedure 29(a)(5) no later than noon on Thursday, June 20 to allow Plaintiffs time to address the revised proposed brief in Plaintiffs' Reply. If the Court does so, it should also grant Plaintiffs' motion for a five-page extension of its Reply brief which Plaintiffs has filed concurrently with this Response, but which is contingent on the Court allowing OFB to participate as amicus (with any length brief). If the Court denies OFB's motion for leave to appear as amicus, Plaintiffs will be able to keep their Reply brief within the 35-page limit.

OPPOSITION TO OREGON FARM BUREAU MOTION TO APPEAR AS AMICUS—9

**CONCLUSION**

The Proposed Amicus OFB is a friend of the Federal Defendants, not a friend of the Court. In the words of Judge Posner, "[i]n an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to *amicus curiae* briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need . . . ." *Ryan*, 125 F.3d at 1064. OFB has not presented, and cannot present, any convincing reason why it should be involved in these proceedings. For the reasons stated above, the Court should deny OFB's motion for leave to appear as amicus.

In the alternative, the Court should order OFB to re-file a proposed amicus brief of no more than 17 and a half pages (or 5,500 words), consistent with Federal Rule of Appellate Procedure 29(a)(5) and LR 7-2(b), by noon on Thursday, June 20, and allow Plaintiffs up to five additional pages in their Reply as requested in Plaintiffs' contingent motion for leave to file excess pages, filed concurrently with this Response.

DATED this 18th day of June 2019.                Respectfully submitted,


  s/ David H. Becker
**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC

Of Attorneys for Plaintiffs

OPPOSITION TO OREGON FARM BUREAU MOTION TO APPEAR AS AMICUS—10